Gebreyesus LISANU, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71107.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Seattle, WA, Ann Carroll Varnon, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM **

Gebreyesus Lisanu, a native and citizen of Ethiopia, petitions for review from the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the BIA's summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of deportation, and suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a. We review the BIA's decision for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We grant the petition for review.

The BIA improperly denied Lisanu's motion for reconsideration on the grounds that Lisanu's sole argument was barred under the BIA's regulations. *See* 8 C.F.R. § 1003.2(b)(3) ("A motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member, or by a three-Member panel, is barred."). The BIA should not have construed Lisanu's motion so narrowly because Lisanu also argued that his marriage to a permanent resident (now a citizen), and his U.S. citizen child, made him eligible for permanent residence. To support his argument, in accordance with the requirements spelled out in *In re Velarde–Pacheco,* 23 I. & N. Dec. 253, 2002 WL 393173 (BIA 2002), Lisanu provided new evidence including his marriage certificate, his child's birth certificate, and the I–130 his wife submitted on his behalf. *See Iturribarria v. INS,* 321 F.3d 889, 894–96 (9th Cir.2003) (finding BIA improperly characterized as a motion to reconsider a motion to reopen that introduced material evidence unavailable at the time of the previous hearing).

We conclude that the BIA should have treated Lisanu's motion as a motion to reopen. We therefore remand for the BIA to consider whether Lisanu has met the criteria for reopening and if so, whether the BIA should exercise its discretion favorably to reopen Lisanu's deportation proceedings. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 (9th Cir.2001) (noting

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the purpose of a motion to reopen "is to present new facts or evidence that may entitle the alien to relief from deportation.").

**PETITION FOR REVIEW GRANTED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.